WILLIAMS, Circuit Judge,
dissenting:
The majority reads Va.Code Ann. § 46.2-1094(D) to forbid only the admission into evidence, or comment by counsel upon, an official determination that Va. Code Ann. § 46.2-1094’s requirement of seat belt use has been violated, or “at most” to forbid admission of, or comment on, evidence that would establish all of the elements of a violation of § 46.2-1094. Majority Op. at---. Because the majority’s first interpretation of § 46.2-1094(D) would not obtain under traditional methods of statutory construction, and because the majority’s second interpretation supports a finding of error on the facts of this case and undermines the majority’s rationale for its first interpretation, I respectfully dissent.
I.
A.
Va.Code Ann. § 46.2-1094(D) states that “[a] violation of this section shall not constitute negligence, be considered in mitigation of damages of whatever nature, be admissible in evidence or be the subject of comment by counsel in any action for the recovery of damages arising out of the operation of a motor vehicle.” Va.Code Ann. § 46.2-1094(D) (Michie 1998). The majority asserts that the best reading of this provision is that it merely prohibits the admission of evidence of an “official determination that the provision has been violated, such as a law enforcement officer’s citation for seat belt nonuse (or at least his conclusion to that effect) or a formal ... finding of nonuse.”[1] . Majority Op. at -. Yet, this reading, which equates a “violation” with a citation or an official determination of a violation, is at odds with the ordinary legal meaning of the word “violation.” The Supreme Court, based upon the definition offered by a leading legal dictionary, has defined “violation” to mean “an act' or conduct that is contrary to law.” See Richardson v. United States, 526 U.S. 813, 818, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) (citing BLACK’S LAW DICTIONARY 1570 (6th ed.1990)).
Further, as the majority notes, the use of different' terms within related statutory provisions gives rise to an implication that different meanings were intended. See Majority Op. at-(citing 2A N. Singer, Statutes and Statutory Construction § 46.06 (6th ed.2000)). Here, Va.Code Ann. § 46.2-1094(D)’s reference to a “violation of this section” contrasts with *45 § 46.2-1094(F)’s explicit reference to the issuance of a “citation for a violation of this section.” Thus, one may be cited “for a violation”—implying that “a violation” refers to something other than the official determination of a violation itself. The statute itself discusses “a violation” as antecedent to, and distinct from, a citation for a violation. The structure of § 46.2-1094 and the ordinary legal meaning of the word “violation” thus lead me to conclude that “a violation” of § 46.2-1094 as used in § 46.2-1094(D) refers to the conduct that establishes all of the elements of a violation of § 46.2-1094 rather than to the fact of an official citation or adjudication of a violation.
B.
In its alternative holding, the majority suggests the correctness of just this interpretation of § 46.2-1094(D), and leads me to conclude that error has occurred on the facts of this case. See Majority Op. at ---(interpreting § 46.2-1094(D) “at most as forbidding admission of or comment upon evidence that would be sufficient to establish all of the elements of a violation.”).
Va.Code Ann. § 46.2-1094 requires all persons “at least sixteen years of age and occupying the front seat of a motor vehicle equipped or required ... to be equipped with a safety belt system” to wear the safety belts “at all times while the motor vehicle is in motion on any public highway.” Va.Code Ann. § 46.2-1094(A). Further, the statute provides eight specific exceptions: Seat belt use is not required of (1) persons for whom a physician has determined use would be medically impractical, provided that such persons carry a signed written statement to this effect; (2) law-enforcement officers when use would be impractical; (3) persons performing the duties of a rural mail carrier; (4) persons performing the duties of a newspaper carrier; (5) drivers of taxicabs; (6) commercial or municipal delivery persons; (7) persons performing the duties of a utility meter reader, or (8) law enforcement personnel enforcing parking laws. See Va. Code Ann. § 46.2-1094(B) (enumerating these eight exceptions).
The majority reasons that “evidence of mere seat belt nonuse” does not fall within the ambit of § 46.2-1094(D) because § 46.2-1094 does not require use of seat-belts in all cases. Majority Op. at-. In this case, however, evidence was introduced at trial which would be sufficient to establish each element of a violation of § 46.2-1094.[2] Evidence was introduced at trial showing that Sharin Brown was (A) a person; (B) at least 16 years of age (a compelled inference from the fact that her sixteen-year-old son was in the passenger seat) (J.A. at 108, 174), (C) occupying the front seat (she was driving) (J.A. at 111), of (D) a vehicle equipped with seat belts (J.A. 191-92), (E) who was not belted, (J.A. at 143), (F) while traveling on a public highway (J.A. at 123-24). Thus, each of the elements set forth in § 46.2-1094(A) was established at trial. As to the exceptions enumerated in § 46.2-1094(B), the evidence introduced at trial establishes that Ms. Brown was driving with her son on a weekend trip to the doctor’s office and a local shopping center, refuting any contention that Ms. Brown was eligible for the exceptions available to law-enforcement officers, rural mail carriers, newspa *46 per carriers, taxi drivers, delivery .persons, utility meter readers, or law enforcement personnel enforcing parking laws. (See, e.g., J.A. at 107-08) (describing the personal nature, of Ms. Brown’s trip.) Thus,- evidence introduced at trial was sufficient to establish all of the elements of a violation and to negate seven of the eight exceptions provided in § 46.2-1094(B). The remaining exception, for persons whose use of a seatbelt has been judged impractical by a physician due to a medical condition, would seem to be an affirmative defense rather than an element of a violation- of § 46.2-1094. It cannot be the Commonwealth of Virginia’s burden to establish in an enforcement action under § 46.2-1094 that a person charged with violating that section has not been certified as exempt by-any doctor. Thus, evidence sufficient to establish each of the elements of a violation of § 46.2-1094 was introduced at trial.[3]
II.
Because I conclude that § 46.2-1094 by its terms forbids the introduction of the evidence presented at trial in this case, I find it necessary to address whether § 46.2-1094 is a substantive provision that governs in the federal courts, or is instead a mere procedural rule that is inapplicable in the federal courts. I would hold that the Virginia provision at issue is inextricably bound up with a substantive Virginia policy of refusing to attach liability in cases arising out of motor vehicle accidents to a party’s failure to wear a seatbelt as required by law and thus governs in federal courts adjudicating claims that arise under Virginia law. I note at the outset that although § 46.2-1094(D) comes without the benefit of extensive legislative history' or a rich tradition of Virginia caselaw illuminating the. scope of the substantive policy that it embodies, the Virginia Supreme Court has held that a single statutory provision enacted by the Virginia General Assembly is sufficient to establish a public policy .of Virginia. See Lawrence Chrysler Plymouth Corp. v. Brooks, 251 Va. 94, 465 S.E.2d 806, 808 (1996). Further, § 46.2-1094(D) is arguably a reaction to a federal court ruling stating that a predecessor provision, which stated only that failure to wear a seat belt did not constitute evidence of negligence, did not bar admission of evidence of seat belt non-use relative to the issue of overall safe product design. See Wilson v. Volkswagen of Am., 445 F.Supp. 1368, 1374 (E.D.Va.1978). The Wilson court pointed to a Minnesota statute prohibiting the introduction of seat belt nonuse evidence for any purpose whatsoever “in any litigation involving personal injuries or property damage resulting from the use or operation of any motor vehicle” as an example of *47 how Virginia would have to write its statute in order for it to prohibit the introduction of seatbelt nonuse evidence on the issue of overall design safety. See id. (quoting Minn.Stat.Ann. § 169.685(4)). Following Wilson, the Virginia Legislature enacted § 46.2-1094(D), using language which, in substance, tracks the language the Wilson court stated would be necessary to bar the introduction of seatbelt nonuse evidence as to issues of overall design safety. Now that Virginia has responded to the federal courts by broadening the scope of its seatbelt evidence exclusion to remove all ambiguity in cases such as these, the majority holds that evidence of a “violation” of § 46.2-1094 is to be read so narrowly as to permit the introduction of evidence of seatbelt nonuse in most cases. I believe that the remarkable similarity between the language of the Minnesota statute cited in Wilson and the later-enacted § 46.2-1094(D) gives rise to an inference that § 46.2-1094(D) was in part a reaction to the Wilson decision-—and that inference, along with the plain language of the statute, convinces me that § 46.2-1094(D) reflects a considered substantive policy of the state of Virginia, which it is the duty of the federal courts to effectuate in a diversity action.
As a general matter, of course, the Federal Rules of Evidence, and not state law, govern the admissibility of evidence in diversity actions in the Federal courts. See Scott v. Sears, Roebuck & Co., 789 F.2d 1052, 1054 (4th Cir.1986). The Federal Rules of Evidence come with an implied “prima facie judgment” of the Supreme Court, the Advisory Committee on the Rules of Evidence, and the Congress that “the rule in question transgresses neither the terms of the Rules Enabling Act nor constitutional restrictions.” Hanna v. Plumer, 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (addressing the Federal Rules of Civil Procedure). Despite this heavy presumption, however, numerous courts have held that in an action arising under state law, the Federal Rules of Evidence yield to specific state prorisions which can be characterized as embodying the substantive policy of a state regarding liability standards under state law. See, e.g., Hottle v. Beech Aircraft Corp., 47 F.3d 106, 109-10 (4th Cir.1995) (holding that a Virginia common-law rule barring admission of a party’s internal rules and policies in a negligence action, rather than the Federal Rules of Evidence, governed the admissibility of a party’s internal manual in a products liability suit); Gardner v. Chrysler Corp., 89 F.8d 729, 738 (10th Cir.1996) (holding that a Kansas statute prohibiting admission of seatbelt evidence “for the purpose of determining any aspect of comparative negligence or mitigation of damages” was substantive and governed in federal court); Barron v. Ford Motor Co., 965 F.2d 195, 199 (7th Cir.1992) (stating that to the extent a North Carolina rule excluding evidence of seat belt nonuse is “designed not to penalize persons who fail to fasten their seatbelts,” as opposed to reflecting accuracy and economy concerns in litigation, it is a substantive rule and governs in federal court). Thus, despite the general presumption that the Federal Rules of Evidence govern in federal court, numerous courts have recognized that a federal court sitting in diversity can be obligated to follow state provisions that represent substantive state policy judgments as to the appropriate nature of state-law liabilities.[4] This principle re- *48 fleets the desire to avoid the rampant forum-shopping and inequitable treatment of litigants based upon diversity status that would obtain if diversity litigants in federal court, but not nondiverse litigants in state courts, could avail themselves of a fundamentally different set of liability rules. See Hanna, 380 U.S. at 467 (noting the fairness and forum-shopping difficulties which inhered in the pre-Erie regime). Further, it is not the goal of diversity jurisdiction to impede the ability of states to establish, for consistent application in suits grounded on state law, substantive liability policies reflecting the judgments of the state’s legislative institutions, regardless of our opinion as to the wisdom of these policies.
Thus, under this Circuit’s rule in Hottle, “there are circumstances where a question of admissibility of evidence is so intertwined with a state substantive rule that the state rule ... will be followed in order to give full effect to the state’s substantive policy.” Hottle, 47 F.3d at 109 (quoting DiAntonio v. Northampton Accomack Memoral Hosp., 628 F.2d 287, 291 (4th Cir. 1980)). The Hottle Court reasoned that “when a state evidentiary rule either embodies or is closely tied to a state substantive policy ... application of the federal rule of evidence, although beyond argument procedural, may encroach upon the state’s substantive law.” Id. at 109-10.
Here, the district court attempted to walk a delicate line between forbidden and permitted uses of seatbelt evidence. The district court concluded that Va.Code Ann. § 46.2-1094(D)’s proscription on use of evidence of a “violation of this section” as proof of negligence or in mitigation of damages was clearly substantive, but held that evidence of a violation could be considered by the jury on the issues of (1) negligent vehicle design, (2) whether the truck was reasonably safe as to Ms. Brown’s breach of warranty claim, and (3) whether Ms. Brown misused the vehicle relative to her warranty claim.[5] If, however, the “substantive” portion of Virginia’s statute prohibits introduction of evidence of a violation for the purposes of establishing comparative negligence or failure to mitigate damages, then Hottle forbids any uses of such evidence which are “so intertwined” with Virginia’s substantive policy as to require that the state rule be followed to give Virginia’s policy full effect. Hottle, 47 F.3d at 110. The district court’s permitted uses of the evidence in question are either in direct contravention of a substantive Virginia policy forbidding the use of evidence of a “violation” to ground liability in an action arising from the use of a motor vehicle, or, at a minimum, are sufficiently “intertwined” with the substantive components of Va.Code Ann. § 46 .2- *49 1094(D) to require application of the Virginia statute in this case.
I thus conclude that § 46.2-1094(D) governs this dispute by its terms and is applicable in federal court under Hottle. Because the record before the Court supports a finding of reversible error under the majority’s alternative interpretation of Va. Code Ann. § 46 .2-1094(D), I respectfully dissent.

. I note that if an officer's “conclusion to [the] effect” of “seatbelt nonuse” constitutes an official determination of a violation, such an official determination was introduced at trial. The investigating officer, Ronald Kline, testified that he determined from the evidence at the accident scene that Ms. Brown had not been wearing her seat belt, and checked a box on the accident report form indicating his conclusion that she had been unbelted. (J.A. at 143).

. The issue is not whether each element was established “to the satisfaction of the jury,” Majority Op. at-n. 2. Instead, the proper focus of the inquiry is on whether evidence which would, if credited by the jury, prove each element of a violation was introduced; § 46.2-1094 regulates the introduction of evidence and comment by counsel, not the jury’s process of weighing evidence.

. Further, the majority's alternative holding powerfully undercuts the force of the majority's argument that its approach is supported by the need to attach significance to the legislature's different word choice in related sections of the Virginia Code. The majority notes that Va.Code Ann. § 46.2-1094(D) refers to a “violation of this section,’’ whereas Va.Code Ann. § 46.2-1092 refers to “failure to use the safety lap belts.” Thus, the majority reasons that "the legislature's different word choice in the later-enacted section 46.2-1094(D) must be regarded as significant,” supporting the conclusion that § 46.2-1094(D) does not forbid mere evidence of seat belt nonuse. See Majority Opinion at-. But, the majority's alternative holding succeeds in respecting the legislature's different choice of words; "failure to wear the safety lap belts” is broader than a “violation” of § 46.2-1094, because the elements of a § 46.2-1094 violation exclude some instances of failure to wear a seat belt, such as cases in which one is not occupying the front seat of a vehicle, is under 16 years of age, or is not traveling on a public highway. The need to attach significance to the legislature's different word choice does not provide a good reason for preferring the majority’s first interpretation over its second one, and for the reasons I have stated, I believe the majority’s second interpretation supports a finding of error.

. If a state rule is substantive, defining the nature of state-law liabilities, the question in this case would not appear to be whether to apply a state evidentiary rule or a "conflicting” Federal Rule of Evidence. Under the Federal Rules, relevance is defined by reference to the legal characteristics of the claim being litigated. Fed.R.Evid. 401 (defining rel *48 evance by reference to facts "of consequence to the determination of the action”). Thus, if a violation of Virginia’s seatbelt law is substantively not a basis for liability of any kind in a suit arising from the operation of a motor vehicle, such evidence would be irrelevant because it is not "of consequence to the determination of [an] action” based solely on Virginia law. Cf. Hanna v. Plumer, 380 U.S. 460, 470, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (noting that where the scope of a Federal Rule of Civil Procedure is not construed as sufficiently broad to create a conflict with state law, Erie analysis applies).

. I note that Ms. Brown did not try this case on a crashworthiness theory. Cf. Barron v. Ford Motor Co., 965 F.2d 195 (7th Cir. 1992) (holding that under a narrower North Carolina rule, which the court interpreted to forbid admission of evidence of seatbelt nonuse "to establish the plaintiff's failure to exercise due care to minimize the consequences of an accident,” evidence of seatbelt nonuse could be introduced to show the crashworthiness of a vehicle’s total restraint system in response to a claim that a vehicle was not crashworthy).